Arcadio AYALA, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.**

Civ. No. 264-70.

United States District Court,
D. Puerto Rico.

Feb. 23, 1971.

As Amended March 1, 1971.

**506**

Luis M. Villaronga, Puerto Rico Legal Services, Inc., Federal Litigation Division, Rio Piedras, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## ORDER *

FERNANDEZ-BADILLO, District Judge.

This case is presently before the Court upon judicial review of the final adverse decision rendered by the Secretary of Health, Education and Welfare denying plaintiff's claim to disability insurance benefits and the corresponding period of disability. On October 2, 1970 defendant moved for summary judgment in his favor under Rule 56, Federal Rules of Civil Procedure, alleging the existence of substantial evidence in the record to support his decision. A cross-motion for summary judgment was brought by plaintiff accompanied by a supporting affidavit wherein claimant made various assertions concerning his physical condition and inability to engage in any type of work.

Judicial review of the Secretary's findings of fact and decision cannot be extended beyond the express statutory terms established in 42 U.S.C. § 405(g) which provide that

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. *The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or*

---

* Chief Judge CANCIO and District Judge TOLEDO have read this decision and agree with it.

*without remanding the cause for a re-hearing.*" (Emphasis supplied)

Such review makes no allowance for the summary judgment procedure which has heretofor been utilized by both sides in Social Security cases before this Court. Said procedure serves to delay this type of litigation because the Court must wait for a summary judgment motion when according to the statute itself once the record of the administrative proceedings is certified judicial review is ready to proceed. This is not an ordinary process of resolving controversies. Rather, the statutory scheme set forth in section 405(g) requiring a limited review by federal district courts must be strictly construed. While the district court is bound by the statute's language, the summary judgment method has opened the door to situations such as the one now before us where plaintiff's counsel has filed and has attempted to use an affidavit in support of his motion to contradict the contents of the record before the examiner. Counsel have understood that by means of this method they can bring elements of proof at the stage of judicial review to add to or to contradict the evidence introduced at the administrative level.

As recently stated in the case of Briggs v. Kerrigan, 431 F.2d 967 (1st Cir. 1970) the purpose of summary judgment is not to explore all the factual ramifications of the case, but to determine whether such exploration is necessary. In reaching such a determination the Court may be guided by all the means of discovery which a motion by Rule 56 makes available to the parties, thus giving them the opportunity to present not only the pleadings but also depositions, answers to interrogatories, admissions on file and affidavits.

We have accordingly decided that since the procedure used is inadequate, the motions for summary judgment filed by both claimant and defendant must be denied. Both sides are directed to pursue the statutory procedure set forth in 42 U.S.C. § 405(g). Plaintiff is allowed 20 days to file his brief in support of the complaint. The brief already filed by defendant in support of his motion for summary judgment shall be considered as one in support of the answer. Should the Secretary wish to reply, he can do so within 10 days after the filing of plaintiff's memorandum.

It is so ordered.