Helen C. KISTNER, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Secretary, Dept. of Health, Education and Welfare, Defendant-Appellee.

No. 77–3192.

United States Court of Appeals, Sixth Circuit.

Argued June 15, 1978.

Decided July 14, 1978.

As Amended Aug. 2, 1978.

William S. Wyler, Boyd, Wyler & McKew, Cincinnati, Ohio, for plaintiff-appellant.

William W. Milligan, James C. Cissell, U. S. Attys., Anthony W. Nyktas, Asst. U. S. Atty., Cincinnati, Ohio, Ronald R. Glancz, Mary Gallagher, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and LIVELY and KEITH, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's *sua sponte* grant of summary judgment to the Secretary of Health, Education and Welfare on this claim for social security disability insurance benefits. We vacate the judgment of the district court and remand this case for further proceedings.

On June 3, 1976, plaintiff filed an action in the district court for judicial review pursuant to 42 U.S.C. § 405(g) (1970) of the Secretary's final decision of May 18, 1976, denying her claim for a period of disability and for disability insurance benefits, pursuant to 42 U.S.C. §§ 416(i), 423 (1970). On August 18, 1976, the Secretary filed an answer in the district court denying that claimant is or was disabled, and asserting that the findings of fact of the Secretary were supported by substantial evidence and should be affirmed. A copy of the administrative record was filed with the answer. The Secretary requested that the complaint be dismissed.

No further pleadings or motions were filed in this matter, and no hearing or conference or other proceeding was held before the district court. Of particular relevance to our disposition of this appeal, neither party filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Nonetheless, on February 9, 1977, the district court entered summary judgment for the Secretary, *sua sponte* and without prior notice to either party. The court stated in its Order that "[t]his matter is before the Court upon the pleadings of the parties which shall be treated as cross motions for summary judgment." *Kistner v. Mathews, Sec'y., H.E.W.,* No. C–1–76–287 (S.D.Ohio Feb. 9, 1977) slip op. at 1.

■ Rule 56(a) and (b) provide that either party to a civil action may move for summary judgment. The party seeking to recover on a claim, or seeking a declaratory judgment, may move at any time after the expiration of twenty days from the commencement of the action, and the defending party may move for summary judgment at any time. Rule 56(c) provides:

> **(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The rule thus provides for (1) the service by at least one party of a motion for summary judgment, and notice to all parties of the motion at least ten days prior to the hearing thereon, (2) optional service of affidavits in opposition to the motion, (Rule 56(a)

and (b) provide for the optional service by the moving party of affidavits in support of the motion), and (3) a hearing. In the district court in which this action arose supporting memoranda of law would normally accompany both the motion for summary judgment and the opposition to the motion. *E. g.,* Local Court Rule 3.5.1, Rules of the United States District Court for the Southern District of Ohio.

Noncompliance with the time provision of the rule deprives the court of authority to grant summary judgment, *Adams v. Campbell County School District,* 483 F.2d 1351 (10th Cir. 1973), unless the opposing party has waived this requirement, *United States v. Miller,* 318 F.2d 637 (7th Cir. 1963), or there has been no prejudice to the opposing party by the court's failure to comply with this provision of the rule. *Oppenheimer v. Morton Hotel Corp.,* 324 F.2d 766 (6th Cir. 1963). In the instant case appellant did not waive the ten day notice provision of the rule because she had no notice that the district court would consider the pleadings as crossmotions for summary judgment. She was prejudiced by not having an opportunity to respond in opposition prior to the district court's entry of summary judgment for the Secretary. Although the Local Court Rules for the United States District Court for the Southern District of Ohio allow for the elimination of oral hearings on all motions unless otherwise ordered by the Court, Local Court Rule 3.5.3, neither these Local Court rules nor the Federal Rules of Civil Procedure allow the district court to *sua sponte* grant summary judgment to one party without giving the adverse party notice and an opportunity to respond in opposition to the motion. In *Bowdidge v. Lehman,* 252 F.2d 366 (6th Cir. 1958), we held that "the spirit of the rule requires the same notice and hearing where the court contemplates summary dismissal on its own motion," *Id.* at 368–369, and reversed the judgment of the district court because the attorney for appellant therein had been given neither notice nor an opportunity to be heard prior to the district court's entry of summary judgment for the appellee.

There is some authority for the proposition that a district court should not enter a summary judgment *sua sponte* against a party, *Choudhry v. Jenkins,* 559 F.2d 1085 (7th Cir.), *cert. den.,* 434 U.S. 997, 98 S.Ct. 634, 54 L.Ed.2d 491 (1977); *Twin City Fed. Sav'g & Loan Ass'n. v. Transamerica Ins. Co.,* 491 F.2d 1122 (8th Cir. 1974); 6 Moore's Fed. Pract. ¶ 56.12 at 338–339 (2d ed. 1976), but should "invite" the appropriate party to file a motion under Rule 56, or inform the parties that it will treat a previously filed Rule 12(b)(6) or 12(c) motion as a motion for summary judgment, if it thinks the case is ready for summary disposition. However, we do not require the district courts of this circuit to follow such a procedure as long as they afford the party against whom summary judgment will be entered advance notice as required by Rule 56 and an adequate opportunity to show why summary judgment should not be granted. *See* 10 Wright & Miller, Fed. Practice & Procedure: Civil § 2719 at 454 (1973). Because sufficient notice and an adequate opportunity to respond were not afforded the appellant in the instant case, and the provisions of Rule 56 were not complied with, the judgment of the district court must be vacated, and the case remanded for further proceedings.

The Secretary concedes that the district court erred in granting summary judgment without complying with the provisions of Rule 56. Appellee's Br. at 5–8. He suggests, however, that he was entitled to judgment as a matter of law, and this court should therefore consider the district court's error harmless error, and affirm the judgment below. This we decline to do. Appellant is entitled to a full and fair review of the Secretary's decision denying her claim for benefits in the district court in the first instance. We remand for this review, without prejudice to the right of either party to move for summary judgment below.