644 F.2d 542
 Wayne SHERRARD and Janet Sherrard, Plaintiffs-Appellants,
v.
Donald S. OWENS, Judge of Probate Court, Ingham County;
Michigan Department of Social Services, Family & Children
Services of The Capitol Area; Lucille Barber, Individually
and as an employee; Barbara McLean, employee; Timothy G.
Holland, Attorney, Individually and as Guardian for Candace
and Vernita Smith, Minors, Defendants-Appellees.
 No. 80-1102.
 United States Court of Appeals,
Sixth Circuit.
 Argued Feb. 9, 1981.
Decided and Filed March 18, 1981.
 
 Gerald M. Stevens, Owosso, Mich., for plaintiffs-appellants.
 George M. Brookover, Foster, Swift, Collins & Coey, John F. Fuzak, Warner, Hart, Morgan, Fuzak & Williams, Lansing, Mich., Timothy G. Holland, Guardian ad Litem, Frank J. Kelley, Atty. Gen., Janis Meija, Erica Weiss, Thomas L. Casey, Asst. Attys. Gen., Lansing, Mich., for defendants-appellees.
 Before WEICK, LIVELY and ENGEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs appeal from summary judgment in favor of the defendants in this action brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 seeking a declaratory judgment, preliminary and permanent injunctions and money damages. In their complaint the plaintiffs alleged that the defendants, state officers, employees and agencies, had deprived them of a constitutionally protected "liberty" interest without due process of law. The liberty interest asserted by the plaintiffs arose out of "a viable familial relationship" which developed between the plaintiffs, their adopted son and two children who were placed with the plaintiffs as foster parents by the Probate Court of Ingham County, Michigan.
 
 
 2
 The first ground for reversal urged by the plaintiffs on appeal is that the district court improperly "converted" a motion by various defendants to dismiss the complaint under Rule 12(b)(6), Fed.R.Civ.P. into a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Upon consideration of the record the court notes that at least one defendant also moved for summary judgment under Rule 56 and that the district court received matters outside the pleadings from various parties, including the plaintiffs. It is clear from the record that the plaintiffs were not taken by surprise as a result of the court's determination to treat the case as submitted for summary judgment and that they had adequate opportunity to present documentary materials to the court. See Kistner v. Califano, 579 F.2d 1004 (6th Cir. 1978). It further appears that the district court relied only on uncontradicted facts in reaching its determination that the defendants were entitled to judgment as a matter of law.
 
 
 3
 Though the plaintiffs invited this court to make a much broader determination on the question of whether foster parents have a constitutionally protected liberty interest in the relationship between them and foster children placed in their homes, the court concludes that the present case may be decided on its particular facts and that a broader determination is not required. In this case the plaintiffs had only a six-month temporary license to conduct a foster family home at the time the two foster children were placed with them. Furthermore, the contract between the state agency and the plaintiffs placing the two children with the plaintiffs provided specifically that the state agency retained responsibility for permanent placement of the foster children. Under these circumstances, the court concludes that at most the plaintiffs had an expectation of continuing as foster parents of the two children in question and that this did not rise to the level of a constitutionally protected liberty interest. The district court also found that Michigan affords an adequate due process procedure before a foster home care license may be revoked. The record supports this finding as well.
 
 
 4
 The judgment of the district court is affirmed.