James H. LOVETT, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary,
Health and Human Services,
Defendant-Appellee.

No. 81–3397
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1981.

James H. Lovett, pro se.

Leven H. Harris, Asst. U. S. Atty.,
Shreveport, La., for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and
SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

James H. Lovett appeals an adverse decision by the district court denying his claim for social security benefits. Previously, the Secretary of Health and Human Services (HHS) rejected Lovett's claim for total disability payments under section 205(g) of the Social Security Act, as amended, 42 U.S.C. 405(g). Thereafter, the district court, upon reviewing the record, entered summary judgment against Lovett. Lovett now asserts that summary judgment is impermissible in reviewing decisions of the Secretary of HHS. We find, however, that the district court based its determination on the sufficiency of the administrative record, without considering any evidence outside it, and that there was substantial evidence to support the Secretary's conclusion. Therefore, the judgment of the district court will be affirmed.

## I.  Background

Lovett was born in 1928, earned a high school degree, and served in the Marine Corps from 1952 through 1973. His service in the Marines ranged from Guam to Viet Nam, and he eventually attained the rank of First Sergeant. However, he developed a wide range of medical problems during his service. As a result, he was given a discharge for medical disability by the Marine Corps in 1973. In addition to his military retirement benefits, Lovett has re-

ceived disability payments from the Marines. The disability payments relate to several ailments: bronchitis, sinusitis, arthritis, and hypertension. However, the Board of Veteran's Appeals, on August 13, 1975, found none of these to be totally disabling. Record, vol. II, at 164. Upon discharge from the Marine Corps, Lovett opened a barbeque eatery in September 1974. This business failed by May 31, 1975, because of Lovett's ill health. To make matters worse, Lovett had an automobile accident in April 1977, received a head injury, and apparently was discharged from the hospital a year later.

Lovett has filed three disability applications under the Social Security Act. The first was filed on November 6, 1974, and the Department of Health, Education, and Welfare notified him on February 25, 1975, that he did not qualify for disability insurance benefits under the Social Security Act. On August 18, 1976, Lovett filed a second application. On May 25, 1977, the Administrative Law Judge (ALJ) ruled that Lovett did not qualify for disability insurance benefits under the Social Security Act. An appeal of that decision was made on May 25, 1977, to the Bureau of Hearings and Appeals. On September 1, 1977, however, it refused to overturn the decision of the ALJ. Record, vol. II, at 4. With injuries from the auto accident added to his previous disabilities, Lovett made a third application for disability insurance benefits on February 17, 1978. On February 12, 1979, Lovett was again notified that under the Disability Social Security Act he did not qualify for disability insurance benefits. That decision was affirmed by the Bureau of Hearings and Appeals on May 4, 1979.

On July 9, 1979, Lovett filed a civil action in federal district court to overturn the decision of the Secretary of HHS. The case was assigned to a magistrate and on March 5, 1981, the magistrate recommended that the Government's motion for summary judgment be granted, denying Lovett's claim for disability insurance benefits. On May 21, 1981, the district court granted the defendant's motion for summary judgment. Lovett appeals that judgment.

## II. *The Appropriateness of Dismissal by Summary Judgment*

■ The sole issue raised on appeal is whether the district court erred in rendering summary judgment after reviewing the administrative denial of Lovett's application for disability insurance benefits. In his in forma pauperis appeal, Lovett cites several cases for the proposition that summary judgment is not permitted in reviewing such decisions. *Kistner v. Califano*, 579 F.2d 1004 (6th Cir. 1978); *Igonia v. Califano*, 568 F.2d 1383 (D.C.Cir.1977); *Brown v. Secretary of Health, Education & Welfare*, 403 F.Supp. 938 (D.C.Wisc.1975); *Ayala v. Secretary of Health, Education & Welfare*, 51 F.R.D. 505 (D.C.Puerto Rico 1971).

Summary judgment (Fed.R.Civ.P. 56) can be a problematic procedure for reviewing an appeal of disability claims under the Social Security Act. Rule 56 is an appropriate trial court procedure for rendering judgment in light of a variety of materials: pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. In almost every case brought to the district court under 42 U.S.C. § 405(g), however, the Act directs the court to enter its judgment only upon the basis of the pleadings and the transcript of the record. 42 U.S.C. § 405(g). No evidence external to the administrative record is generally admissible in reviewing an administrative action pursuant to 42 U.S.C. 405(g). The issue is whether the action of the Secretary is supported by the Record. *Igonia* at 1389.

District courts often rule on social security disputes with the summary judgment device. This Court has allowed the summary judgment procedure if the district court has adequately reviewed the record and based its judgment on a finding of substantial evidence in the administrative record. *Salinas v. Schweiker*, 662 F.2d 345 (5th Cir. 1981). Furthermore, the cases cited by Lo-

·vett do not preclude the use of summary judgment procedure, as long as adequate review of the record is reflected. In *Kissner, supra*, the Sixth Circuit found error in a district court grant of summary judgment because it did not comply with the ten-day notice provisions of Rule 56. In *Igonia, supra*, the D.C. Circuit merely pointed out that summary judgment was not the proper procedural device for entering judgment, but nevertheless refused to vacate and remand strictly on that basis. In *Ayala, supra*, a district court condemned the use of the summary judgment, where plaintiff's counsel had used the procedure to file an affidavit in support of his motion to contradict the contents of the record before the examiner. In *Brown, supra*, the district court properly refused to follow normal summary judgment procedures for introducing additional evidence when reviewing a section 405(g) claim. The district court there remanded a disability insurance case to the Secretary of Health, Education, and Welfare rather than receive additional documents submitted by the plaintiff which were not part of the administrative record.

In the instant case, the summary judgment procedure was not abused in any manner described by the cases which Lovett cites. Therefore, the only remaining question is whether there was substantial evidence on the record to justify the district court's judgment.

III. *Substantial Evidence on the Record*

█ To receive disability insurance benefits under section 405(g) of the Social Security Act, Lovett must prove that he was disabled. Section 216(i) and 223(d) of the Social Security Act, 42 U.S.C. § 416(i) and 423(d), define the term "disability" to "provide, in part: (d)(1) the term 'disability' means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."

On the basis of these sections of the Act and the relevant administrative regulations, the Secretary concluded that Lovett is not disabled. The limited role of this Court in reviewing the district court decision is to determine whether there is substantial evidence in the entire record to support the fact findings or decision of the Secretary, as trier of fact, and not to reweigh the evidence, or try the issues de novo, or substitute the judgment of the Court for that of the Secretary. *Perez v. Schweiker*, 653 F.2d 997, 999 (5th Cir. 1981); *Rodriguez v. Schweiker*, 640 F.2d 682, 685 (5th Cir. 1981). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Unquestionably, Lovett has poor health, yet the Secretary determined that Lovett failed to meet his burden of proving he was unable to engage in any substantial gainful activity. Although Lovett was diagnosed as having arthritis, medical evidence and clinical tests indicated this condition was not totally disabling. Neither was his contraction of tuberculosis in 1968. Pulmonary tests administered to Lovett failed to disclose any substantial respiratory impairment. Medical evidence did not indicate that Lovett was disabled by a heart condition. Lovett had a history of hypertension, but that condition was not shown to be totally disabling. Neither was his somewhat defective vision or bilateral hearing loss. Lovett's problems with his right wrist did not appear to be completely debilitating. Record, vol. II, at 65–66. Although Lovett had more subjective complaints of pain than were objectively proven by medical examination, the Secretary was not obliged to accept as true all such statements. *Thompson v. Califano*, 556 F.2d 616 (1st Cir. 1977); *Labee v. Cohen*, 408 F.2d 998 (5th Cir. 1969).

Therefore, the evidence in the record is substantial enough that a reasonable mind might accept it as adequate to support the conclusion that Lovett was not disabled as

**4**

defined by the Social Security Act. The judgment of the district court is affirmed.

AFFIRMED.