Manuel FLORES, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–2583

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 18, 1985.

Jeffrey J. Skarda, Gulf Coast Legal Foundation, Houston, Tex., for plaintiff-appellant.

Daniel K. Hedges, U.S. Atty., Pete Sandoval, C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Attys., Houston, Tex., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Manuel Flores, an unsuccessful claimant for Social Security disability benefits, raises both procedural and substantive challenges to a district court order affirming

the Secretary, entered without notice to the parties and without a motion for summary judgment. We agree that the district court should have given the parties an opportunity to present their arguments before its ruling, but find that the error was harmless because Flores later developed his substantive argument to the court in a motion for new trial. On the merits, we affirm the district court's finding that substantial evidence supported the Secretary's decision.

## I

Flores is 40 years old, has the equivalent of a high school education, and has worked as a millwright, mechanic, truck driver, and laborer, all jobs requiring strenuous physical exertion. Since 1979, he has suffered recurrent episodes of lower back pain; he has been hospitalized three times and has been diagnosed and treated by several physicians. To relieve his back pain, he takes prescribed muscle relaxants and pain pills, exercises, lies on the floor once or twice a day, and uses a heating pad. He has, on occasions when his pain becomes severe, worn a back brace. Flores lives at home and does household chores such as cutting the grass (with a riding mower) and shopping for groceries. He has not worked since February of 1981.

Flores filed for disability benefits on September 29, 1981, alleging that he had been disabled since November 7, 1980. After the Secretary initially denied his claim, Flores, assisted by counsel, appeared before an Administrative Law Judge at a *de novo* hearing on June 11, 1982. On November 30, 1982, the ALJ issued a written decision denying benefits.

The ALJ, reviewing Flores's medical records, found that Flores suffered from lower back syndrome with strain of the lumbar spine, along with hypertension that was under control with medication. The ALJ expressly stated that Flores's assertion that his back pain was disabling was not "fully credible and convincing." Based on Flores's "assertions, manner, appearance, and signs," and on the objective medical evidence, the ALJ found that Flores's

pain was "none to mild with occasionally moderate episodes which are controlled with medication and physical therapy." The ALJ agreed that Flores could no longer undertake heavy manual labor, as he had in the past, but found that Flores could still perform "the full range of light and sedentary work" as defined in the Social Security Administration's vocational regulations, 20 C.F.R. § 404.1567. The ALJ considered his finding of Flores's residual functional capacity along with Flores's age, educational level, and transferable skills learned in his job as a millwright, and concluded that Flores was not disabled under 20 C.F.R. subpart P, appendix 2, Rule 201.29.

On May 9, 1983, Flores filed a *pro se* petition for review in the district court under 42 U.S.C. § 405(g). The Secretary answered, attaching to her answer a copy of the administrative record. On April 10, 1984, Flores's counsel filed a notice of appearance. On June 7, 1984, the court *sua sponte* entered a written order and judgment affirming the Secretary. Flores's counsel promptly moved for a new trial and for summary judgment, complaining that he had been deprived of the opportunity to argue Flores's case to the district court. On July 17, in an amended motion for new trial, Flores's counsel submitted a 22-page memorandum arguing that the Secretary's decision was not supported by substantial evidence.

In a written order dated September 17, the district court denied Flores's motions for new trial and summary judgment. Citing 42 U.S.C. § 405(g), which expressly grants district courts reviewing disability decisions the power to enter judgment "upon the pleadings and transcript of the record," the court rejected Flores's contention that the parties should have been allowed to move for summary judgment. The court then stated that "[a]fter considering the motion, the record, and the law," it would deny the motions.

## II

■ Flores attacks on two grounds the procedure used by the district court in de-

ciding his case. First, he argues that district courts must follow the mechanism of Fed.R.Civ.P. 56 in disability review actions. The governing statute, 42 U.S.C. § 405(g), though, only authorizes review of the pleadings and the record. As we have noted, district courts in § 405(g) cases may not consider evidence outside the administrative record, and summary judgment is therefore "a problematic procedure" in disability appeals. *Lovett v. Schweiker,* 667 F.2d 1, 2–3 (5th Cir.1981); *see also Igonia v. Califano,* 568 F.2d 1383, 1389 (D.C.Cir. 1977) (summary judgment improper in disability cases); *McMullen v. Celebrezze,* 335 F.2d 811, 814 (9th Cir.1964) (motion for summary judgment "unnecessary"), *cert. denied,* 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed.2d 92 (1965). Although *Lovett* noted that summary judgment is frequently used in disability cases, and permitted the use of summary judgment when the district court has not gone beyond the pleadings and record, *Lovett* certainly does not *require* the use of summary judgment.

Flores's second contention, that the district court should not have entered judgment *sua sponte,* has more force. *Myers v. Califano,* 611 F.2d 980 (4th Cir.1980) held that a district court had erred in entering judgment in a § 405(g) action before either side had moved for it.[1] Citing *Califano v. Yamasaki,* 442 U.S. 682, 699–700, 99 S.Ct. 2545, 2556–2557, 61 L.Ed.2d 176 (1979), the *Myers* court stated that district courts must follow the Federal Rules of Civil Procedure in disability cases just as in other civil actions, and that the lower court's unilateral action was not sanctioned by the Federal Rules. The same result was reached in *Kistner v. Califano,* 579 F.2d 1004 (6th Cir.1978), which reversed a district court's *sua sponte* entry of summary judgment.

■ We agree with *Myers* and *Kistner,* at least to the extent that district courts reviewing disability determinations should not conclude their review without an appro-

priate opportunity for the presentation of the parties' contentions. Whether the court proceeds under Rule 56 or under Rule 12(c), which authorizes motions for judgment on the pleadings, does not give us pause. We have noted that Rule 56 does not fully fit the district court's role in the review of the Secretary's decision. Regardless, the procedures of Rule 56 are used nigh universally in this circuit because its familiar procedural commands get the job done. Nothing prohibits this course.

■ On these facts, however, the district court's error was harmless. In his Amended Motion for New Trial, Flores fully presented his substantive arguments to the district court. In denying the motion, the court stated that it had reviewed "the motion, the record, and the law." Thus, our concern that "a party must have a fair opportunity to develop the record in opposition" to a judgment has been satisfied here. *Conley v. Board of Trustees of Grenada County Hospital,* 707 F.2d 175, 178–79 n. 2 (5th Cir.1983). Given that the district court has already weighed Flores's contentions, a remand would serve no purpose. *Cf. Kistner,* 579 F.2d at 1006 (because claimant did not receive "full and fair review" of Secretary's decision "in the district court in the first instance," case was remanded). We therefore turn to the merits.

### III

■ Flores asserts that his back ailments qualify as *per se* disabling under 20 C.F.R. subpart P, appendix 1. *See* 20 C.F.R. § 404.1525(a). Specifically, he argues that his impairment falls within section 1.05(C) of appendix 1:

Other vertebrogenic disorders ... with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With *both* 1 and 2: 1. Pain, muscle spasm, and significant limitation of motion in the spine; *and 2. Appropriate radicular distribution of significant motor loss with mus-*

---

**1.** The Fourth Circuit in *Myers* did not reverse on this ground because both sides urged that it

review the merits.

*cle weakness and sensory and reflex loss.*

(emphasis added). The ALJ, though, relied on the report of Dr. John F. Schultheiss, who examined Flores on November 14, 1981. Dr. Schultheiss found that Flores had good motor strength, no sensory loss, and normal reflexes, and concluded that there was "[n]o evidence of radiculopathy." His report provides substantial evidence for the Secretary's rejection of Flores's claim of automatic disability.

In addition, Flores argues that his back pain is so severe that he cannot perform even light or sedentary work. The ALJ disagreed, concluding that Flores's pain was adequately "controlled with medication and physical therapy." The ALJ stated that Flores's claims of pain were not "fully credible and convincing," and supported his statement by reference to Flores's "assertions, manner, appearance, and signs" as well as to the medical evidence of record. In doing so, the ALJ complied with the command of our cases that the Secretary "indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints...." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir.1981), *quoted in Carry v. Heckler*, 750 F.2d 479, 485 (5th Cir.1985). Our review of the record persuades us that there is substantial evidence to support the choice that the Secretary made.

The decision of the district court affirming the Secretary's denial of benefits is AFFIRMED.