812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
Gerald B. KLINE; Haralson Gordon, Defendants-Appellees.
 No. 86-3734.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1987.
 
 Before JONES and GUY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals from the judgment dismissing his civil rights action and moves this Court for appointment of counsel. The matter has been referred to a panel of the Court pursuant to Rule 9, Rules of the Sixth Circuit. Upon consideration of the certified record and plaintiff's informal brief, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff alleged that the defendants violated his procedural due process and equal protection rights by denying him parole because of his race. He argues on appeal that the district court abused its discretion by granting defendants summary judgment because a genuine issue of material fact existed, because the court violated Rule 36(a), Federal Rules of Civil Procedure, and because the court failed to advise him, as a pro se, that an affidavit was necessary to defeat defendants' motion for summary judgment.
 
 
 3
 Upon consideration, this Court concludes that the district court's judgment must be affirmed and plaintiff's motion for appointment of counsel be denied. Plaintiff does not have a constitutional or inherent right to parole. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1978). Consideration given by defendants to the gravity of plaintiff's offense and his status as a habitual offender is not evidence of bad faith, but rather a justifiable basis for continued incarceration. See Greenholtz v. Nebraska Penal Inmates, supra; Adams v. Keller, 736 F.2d 320 (6th Cir.1984). Moreover, it was not an abuse of discretion for the district court to allow defendants to withdraw their untimely response to plaintiff's request for admissions, having determined a need to consider the merits of the matter and lack of prejudice to plaintiff. Rule 36, Federal Rules of Civil Procedure; Moosman v. Joseph P. Biltz, Inc., 358 F.2d 686 (2d Cir.1966). Finally, notice by the court of its intent to grant summary judgment is not necessary, even if the judgment is sua sponte, when the party against whom judgment will be entered has had a reasonable opportunity to respond. Kistner v. Califano, 579 F.2d 1004 (6th Cir.1978). Plaintiff in the present case was given a reasonable opportunity to oppose defendants' motion for summary judgment. He was served with defendants' motion and responded. However, his response did not include an affidavit or specific facts to dispute defendants' evidentary showing of the non-existence of a genuine issue of material fact in this matter. See Rule 56, Federal Rules of Civil Procedure; Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). Hence, defendants' motion was properly granted.
 
 
 4
 It is therefore ORDERED that the district court's judgment be and hereby is affirmed and plaintiff's motion for appointment of counsel be and hereby is denied. Rule 9(d)(3), Rules of the Sixth Circuit.