817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale L. DENSMORE, Plaintiff-Appellant,
v.
Dale FOLTZ, Defendant-Appellee.
 No. 86-2021.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of plaintiff's motion for appointment of counsel on appeal from the dismissal of his pro se civil rights action. The dismissal, on the authority of 28 U.S.C. Sec. 1915(d), was entered prior to service on defendant and before plaintiff had an opportunity to amend his complaint. Plaintiff has submitted an informal brief on appeal. Upon consideration of the record and plaintiff's brief, we conclude that oral argument is not necessary in this appeal. Fed. R. App. P. 34(a).
 
 
 2
 The gravamen of plaintiff's complaint is that defendant and other prison officials cancelled two post-operative medical appointments in July, 1985, which resulted in the denial of medical treatment to plaintiff. On July 18, 1986, the U.S. Magistrate entered an order deferring preliminary consideration of plaintiff's complaint pending receipt of a special report from the prison medical director concerning plaintiff's complaint. Although the special report does not, of itself, appear of record, plaintiff submitted a response to the report to which he appended a copy of that document.
 
 
 3
 A careful review of the complaint and plaintiff's response to the special report reveals that the report misconstrued plaintiff's complaint, and addressed plaintiff's condition and treatment in 1986. Plaintiff's cause of action is based, however, upon the alleged denial of treatment for 44 days in July and August of 1985, not 1986. The district court, relying upon the erroneous report, concluded that plaintiff had not stated a cognizable Eighth Amendment claim. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). We disagree.
 
 
 4
 Plaintiff has alleged specific and personal involvement by defendant which may evidence deliberate indifference to plaintiff's medical needs or intentional interference with plaintiff's access to medical care. See Estelle, 429 U.S. at 104-05. Dismissal pursuant to 28 U.S.C. Sec. 1915(d) is appropriate only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). Because it cannot be said that plaintiff can prove no facts which would entitle him to relief, the dismissal was inappropriate. If the district court's order is construed as a summary judgment, we further note that a sua sponte summary judgment, without notice to plaintiff to give him an opportunity to show why summary judgment should not be granted, is likewise inappropriate. See Kistner v. Califano, 579 F.2d 1004, 1006 (6th Cir. 1978)(per curiam).
 
 
 5
 It is therefore ORDERED that plaintiff's motion for appointment of counsel is denied; the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings consistent with this order. In so ordering, we express no opinion regarding the ultimate merits of plaintiff's complaint.