890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharon HARTWICK, Plaintiff-Appellant,
v.
SECRETARY, HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1223.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1989.
 
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This appeal challenges the denial of social security benefits to the appellant, Sharon Hartwick (the "claimant"). The Secretary, the administrative law judge (ALJ), the Appeals Council, and the district court each determined that the claimant was not entitled to benefits, the latter three after examining the record. On appeal, the claimant raises several points of error, including the district court's failure to grant its motion to strike the Secretary's motion for summary judgment because the Secretary filed its motion after the discovery deadline and because the Secretary's motion allegedly did not conform to the requirements of Rules 7 and 10 of the Federal Rules of Civil Procedure. The claimant also claims that the denial of benefits is not supported by substantial evidence. We affirm the denial of benefits.
 
 I.
 
 2
 The claimant initially filed this claim for social security benefits on October 3, 1985, claiming that she became disabled on July 9, 1983. The Secretary denied her claim both initially and again upon reconsideration. After a hearing, the ALJ determined that there were a significant number of jobs in the regional economy which claimant could perform and therefore denied her benefits. The Appeals Council affirmed the ALJ's determination denying the claimant benefits. The claimant asked for the Appeals Council to reconsider its decision, but on February 6, 1987, it denied her request.
 
 
 3
 On February 18, 1987, the claimant filed the present action in district court. The magistrate assigned to the case ordered the parties to file any motions for summary judgment on or before September 4, 1987. The claimant filed her motion for summary judgment prior to the deadline, but the Secretary did not file its motion until October 15, 1987, claiming unforeseen delay due to the departure of the attorney working on the case. The claimant subsequently filed a motion to strike the Secretary's motion for summary judgment. The district court denied the motion to strike, denied claimant's motion for summary judgment, and granted the Secretary's motion for summary judgment. From that adverse determination, the claimant appeals to this court.
 
 
 4
 At the hearing before the ALJ, the claimant contended that she was totally disabled because of problems with her right arm, a hearing loss, and vision problems. Evidence was introduced indicating that claimant did suffer some loss of strength in her right arm and complete hearing loss in her left ear. She also suffered slight to moderate hearing loss in her right ear, which, through the use of a hearing aid, was almost normal. Medical reports established that the claimant did have some vision problems which were correctable through the use of glasses; however, claimant chose not to wear the glasses.
 
 
 5
 A vocational expert testified as to the number of available jobs in the region, which he defined as the state of Michigan. When asked to assume that all of the claimant's complaints about her hearing, her back, her vision, and her right arm were true, the vocational expert testified that there were approximately 41,500 jobs available in the region that the claimant could perform. On the basis of all of the testimony and the exhibits, the ALJ determined that the claimant was not disabled and therefore denied her benefits. After both the Appeals Council and the district court affirmed the ALJ's decision, the claimant perfected this appeal, raising a number of issues.
 
 II.
 
 6
 The claimant's first argument is that the district court erred in not granting her motion to strike the Secretary's motion for summary judgment because the Secretary filed its motion six weeks after the discovery deadline. The district court has substantial discretion during the discovery process. Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 206 (6th Cir.1986). Whether the decision to allow a party to file a motion for summary judgment after the discovery deadline is a matter within its sound discretion. Pollock v. Marshall, 845 F.2d 656, 657 (6th Cir.1988). We find no abuse of discretion when the court allowed the Secretary to file its motion for summary judgment six weeks past the discovery deadline.
 
 
 7
 The claimant's second contention is that the Secretary's motion did not conform to the requirements of the Federal Rules of Civil Procedure because it was only a letter, not a motion as required by Rules 10 and 7 of the Federal Rules of Civil Procedure and that the Secretary's justification for the late filing did not meet the excusable neglect standard under Rule 6(b) of the Federal Rules of Civil Procedure. We find claimant's arguments meritless. Not only does the Secretary's motion satisfy the requirements of Rules 7 and 10, but also we find that the claimant has waived the issue of excusable neglect since she failed to raise it at the district court level.
 
 
 8
 Alternatively, in a social security case, the claimant's contentions may still be overruled because a motion does not necessarily have to be filed before summary judgment can be granted. "[W]e do not require the district courts of this circuit to follow such a procedure [filing a motion under Rule 56] as long as they afford the party against whom summary judgment will be entered an opportunity to show why summary judgment should not be granted." Kistner v. Califano, 579 F.2d 1004, 1006 (6th Cir.1978). We find no error in granting the Secretary summary judgment because the Secretary's decision is supported by substantial evidence.
 
 
 9
 Claimant's next argument is that the vocational expert's testimony was a sham. We find that the claimant did not raise this issue in the district court and is therefore barred from raising it at this level. It is well settled that failure to raise an issue at the district court level precludes judicial review of that issue. Shearson-American Express v. Mann, 814 F.2d 301, 305 (6th Cir.1987).
 
 
 10
 The claimant's final argument is that the decision denying her benefits is not supported by substantial evidence. We have carefully reviewed the entire record and it is clearly evident that the ALJ took into consideration all of the claimant's medical problems in reaching his determination that she was not entitled to disability benefits. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 THE HONORABLE ROBERT E. DeMASCIO, United States District Court for the Eastern District of Michigan, sitting by designation