John BANKS, Plaintiff, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant, Appellee.

No. 94–1653.

United States Court of Appeals, First Circuit.

Submitted Sept. 26, 1994.

Decided Dec. 28, 1994.

Ellen N. Wallace and Sarah F. Anderson, Boston, MA, on brief, for appellant.

Donald K. Stern, U.S. Atty., Charlene Stawicki, Asst. U.S. Atty., and Robert M. Peckrill, Asst. Regional Counsel, Dept. of Health and Human Services, Boston, MA, on brief, for appellee.

Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

PER CURIAM.

■ Plaintiff-appellant John Banks has appealed from the district court's order affirming the Secretary's denial of Social Security disability benefits. Because the district court issued its affirmance before affording Banks an opportunity to submit argument explaining his objections to the Secretary's determination, we remand this case to the district court for further proceedings.

Banks applied for disability benefits on January 15, 1991, alleging an inability to work due to a number of physical and mental ailments. On October 12, 1993, the Appeals Council denied Banks' request for review of the finding of an Administrative Law Judge that Banks was not disabled.

On December 17, 1993, Banks brought the instant action in the District of Massachusetts seeking judicial review of the Secretary's decision. The Secretary filed an answer to Banks' complaint, accompanied by the 767-page administrative record of the case, on March 22, 1994. One week later, on March 29, 1994, the district court sua sponte—without notice to the parties, and without giving the parties an opportunity to submit argument—issued a memorandum and order affirming the decision of the Secretary. Judgment for the Secretary was issued on that same date.

On April 11, 1994, Banks filed a motion to alter or amend the judgment under Fed. R.Civ.P. 59(e). In that motion Banks argued that it was improper for the district court to enter judgment against Banks without affording Banks an opportunity to brief the issues in the case. Banks included a proposed briefing schedule. On April 14, the district court summarily denied Banks' motion. Banks appeals, pressing this same point.

This court has never considered the question of the propriety of a district court, on review of a disability determination, affirming the Secretary without affording the claimant an opportunity to present argument.[1] The three circuits that have addressed the issue, however, have all declined to sanction the practice.

---

1. Our decision in *Alameda v. Secretary of Health, Education & Welfare*, 622 F.2d 1044 (1st Cir. 1980), cited by the Secretary, is inapposite. There we noted, in the course of ruling that the district court may enter a default judgment against the Secretary only if the claimant has established his right to relief by satisfactory evidence, "that many social security reviews by the district court are simple matters, which can often be resolved by reading the findings of the Secretary without recourse to a memorandum of facts and law. But not all social security cases are of this nature. Moreover, appellant may have presented legal arguments, or even assertions as to the new circumstances bearing on the equities, which the court will want to have answered before deciding." *Id.* at 1047. In this passage we were referring to the discretion of the district court, in the course of affirming the Secretary, to dispense with legal argument from the *Secretary* in response to claimant's arguments. Our comments did not refer to or approve a practice of dismissing disability review cases without giving the claimant an opportunity to state his or her objections to the Secretary's determination.

In *Kistner v. Califano,* 579 F.2d 1004 (6th Cir.1978), the district court entered summary judgment for the Secretary sua sponte, without prior notice to the parties and without any opportunity for the claimant to file written argument. The district court treated the respective pleadings of the parties "as cross motions for summary judgment." *Id.* at 1005. The Sixth Circuit held that Fed. R.Civ.P. 56 bars a "sua sponte grant [of] summary judgment to one party without giving the adverse party notice and an opportunity to respond in opposition to the motion." *Id.* at 1006. The court declined to treat the matter as harmless error and proceed to the merits on appeal, concluding instead that the claimant "is entitled to a full and fair review of the Secretary's decision denying her claim for benefits in the district court in the first instance." *Id.* The court thus vacated the district court's judgment and remanded the case to the district court for further proceedings.

In *Myers v. Califano,* 611 F.2d 980 (4th Cir.1980), the district court affirmed the Secretary's decision sua sponte based on nothing more than the pleadings. In doing so the court relied on 42 U.S.C. § 405(g), which allows the reviewing court to enter judgment "upon the pleadings and transcript of record." The Fourth Circuit held that the district court's summary affirmance was nonetheless improper in the light of *Califano v. Yamasaki,* 442 U.S. 682, 699, 99 S.Ct. 2545, 2556, 61 L.Ed.2d 176 (1979), in which the Supreme Court held that § 405(g) does not exempt actions for review of social security claims from the operation of the Federal Rules of Civil Procedure, but instead "prescribes that judicial review shall be by the usual type of 'civil action' brought routinely in district court." *Id.* Accordingly, the court of appeals ruled the district court's summary affirmance was "inappropriate" because the Federal Rules of Civil Procedure entitle the opposing party to notice and an opportunity to respond before dismissal. The court went on to observe, "[C]ourts derive substantial benefit from briefs and oral argument. Generally, they should require counsel's aid in clarifying and resolving issues." *Id.* Because, however, both parties to the appeal nonetheless urged the court of

appeals to go ahead and decide the merits, the court did so. *Id.*

In the third case, *Flores v. Heckler,* 755 F.2d 401 (5th Cir.1985), the district court, similarly, entered judgment for the Secretary sua sponte without affording the claimant an opportunity to present argument. In response to the claimant's argument that the district court was required to, and had failed to, follow the mechanism of Fed.R.Civ.P. 56 in dismissing disability review actions, the Fifth Circuit stated that use of summary judgment, although permissible, was not required. The court of appeals indicated that it was unconcerned whether a district court chose to proceed under Rule 56 or Rule 12. What was important, the court of appeals ruled, was that "district courts reviewing disability determinations should not conclude their review without an appropriate opportunity for the presentation of the parties' contentions." *Id.* at 403. The court of appeals went on to find that the error was harmless in the case before it, and proceeded to the merits, because the claimant had presented his arguments in full in his motion for new trial, and in denying that motion the district court had "stated that it had reviewed 'the motion, the record, and the law.'" *Id.*

■ Like the Fifth Circuit in *Flores,* we need not concern ourselves with whether the district court's order is more appropriately labelled and analyzed as under Rule 12 or Rule 56 of the Federal Rules of Civil Procedure. We simply hold, as did *Flores,* that "district courts reviewing disability determinations should not conclude their review without an appropriate opportunity for the presentation of the parties' contentions." *Id.* at 403. In his memorandum in support of his Rule 59(e) motion, Banks set forth specific objections to the Secretary's determination that, whatever their ultimate merit, certainly appear substantial enough to justify an opportunity for full briefing.

■ We cannot find, unlike the court in *Flores,* that the district court's error was harmless. For one thing, it is by no means clear that Banks' memorandum in support of his Rule 59(e) motion, which devoted only three-and-one-half pages to a summary of

the claimant's substantive arguments, constituted a full presentation of those arguments to the district court. The claimant in *Flores*, by contrast, had submitted "a 22–page memorandum arguing that the Secretary's decision was not supported by substantial evidence," *id.* at 402, which the court of appeals deemed "fully presented his substantive arguments," *id.* at 403. Also, we are not satisfied that the district court, in denying the Rule 59(e) motion, signalled that it had given adequate consideration to Banks' arguments. Whereas the district court in *Flores* specifically stated that it had reviewed "the motion, the record, and the law," *id.*, the district court here simply endorsed the motion with "Motion denied."

Accordingly, we *vacate* the judgment of the district court and *remand* this case for further proceedings. On remand, the district court is to establish a briefing, or oral argument, schedule that affords the parties an opportunity to present their arguments before the court issues its ruling.