January 13, 1995
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1653

JOHN BANKS,
Plaintiff, Appellant,

v.

DONNA E. SHALALA, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant, Appellee.

ERRATA SHEET

The opinion of this Court issued on December 28, 1994 is
amended as follows:

On page 2, line 5, delete "written"

On page 3, line 9, delete "written"

On page 7, line 13, insert ", or oral argument," between the
words briefing and schedule 

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1653

JOHN BANKS,

Plaintiff, Appellant,

v.

DONNA E. SHALALA, SECRETARY OF HEALTH AND HUMAN SERVICES,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Cyr, Circuit Judge,
Bownes, Senior Circuit Judge, and
Stahl, Circuit Judge.

Ellen N. Wallace and Sarah F. Anderson on brief for appellant.
Donald K. Stern, United States Attorney, Charlene Stawicki,
Assistant United States Attorney, and Robert M. Peckrill, Assistant
Regional Counsel, Department of Health and Human Services on brief for
appellee.

December 28, 1994


Per Curiam. Plaintiff-appellant John Banks has

appealed from the district court's order affirming the

Secretary's denial of Social Security disability benefits.

Because the district court issued its affirmance before

affording Banks an opportunity to submit argument explaining

his objections to the Secretary's determination, we remand

this case to the district court for further proceedings.

Banks applied for disability benefits on January

15, 1991, alleging an inability to work due to a number of

physical and mental ailments. On October 12, 1993, the

Appeals Council denied Banks' request for review of the

finding of an Administrative Law Judge that Banks was not

disabled.

On December 17, 1993, Banks brought the instant

action in the District of Massachusetts seeking judicial

review of the Secretary's decision. The Secretary filed an

answer to Banks' complaint, accompanied by the 767-page

administrative record of the case, on March 22, 1994. One

week later, on March 29, 1994, the district court sua sponte

-- without notice to the parties, and without giving the

parties an opportunity to submit argument -- issued a

memorandum and order affirming the decision of the Secretary.

Judgment for the Secretary was issued on that same date.

On April 11, 1994, Banks filed a motion to alter or

amend the judgment under Fed. R. Civ. P. 59(e). In that

-2-

motion Banks argued that it was improper for the district

court to enter judgment against Banks without affording Banks

an opportunity to brief the issues in the case. Banks

included a proposed briefing schedule. On April 14, the

district court summarily denied Banks' motion. Banks

appeals, pressing this same point.

This court has never considered the question of the

propriety of a district court, on review of a disability

determination, affirming the Secretary without affording the

claimant an opportunity to present argument.1 The three

circuits that have addressed the issue, however, have all

declined to sanction the practice.

In Kistner v. Califano, 579 F.2d 1004 (6th Cir.

1978), the district court entered summary judgment for the



1. Our decision in Alameda v. Secretary of Health, Education
& Welfare, 622 F.2d 1044 (1st Cir. 1980), cited by the
Secretary, is inapposite. There we noted, in the course of
ruling that the district court may enter a default judgment
against the Secretary only if the claimant has established
his right to relief by satisfactory evidence, "that many
social security reviews by the district court are simple
matters, which can often be resolved by reading the findings
of the Secretary without recourse to a memorandum of facts
and law. But not all social security cases are of this
nature. Moreover, appellant may have presented legal
arguments, or even assertions as to the new circumstances
bearing on the equities, which the court will want to have
answered before deciding." Id. at 1047. In this passage we
were referring to the discretion of the district court, in
the course of affirming the Secretary, to dispense with legal
argument from the Secretary in response to claimant's
arguments. Our comments did not refer to or approve a
practice of dismissing disability review cases without giving
the claimant an opportunity to state his or her objections to
the Secretary's determination.

-3-

Secretary sua sponte, without prior notice to the parties and

without any opportunity for the claimant to file written

argument. The district court treated the respective

pleadings of the parties "as cross motions for summary

judgment." Id. at 1005. The Sixth Circuit held that Fed. R.

Civ. P. 56 bars a "sua sponte grant [of] summary judgment to

one party without giving the adverse party notice and an

opportunity to respond in opposition to the motion." Id. at

1006. The court declined to treat the matter as harmless

error and proceed to the merits on appeal, concluding instead

that the claimant "is entitled to a full and fair review of

the Secretary's decision denying her claim for benefits in

the district court in the first instance." Id. The court

thus vacated the district court's judgment and remanded the

case to the district court for further proceedings.

In Myers v. Califano, 611 F.2d 980 (4th Cir. 1980),

the district court affirmed the Secretary's decision sua

sponte based on nothing more than the pleadings. In doing so

the court relied on 42 U.S.C. 405(g), which allows the

reviewing court to enter judgment "upon the pleadings and

transcript of record." The Fourth Circuit held that the

district court's summary affirmance was nonetheless improper

in the light of Califano v. Yamasaki, 442 U.S. 682, 699

(1979), in which the Supreme Court held that 405(g) does

not exempt actions for review of social security claims from

-4-

the operation of the Federal Rules of Civil Procedure, but

instead "prescribes that judicial review shall be by the

usual type of `civil action' brought routinely in district

court." Id. Accordingly, the court of appeals ruled the

district court's summary affirmance was "inappropriate"

because the Federal Rules of Civil Procedure entitle the

opposing party to notice and an opportunity to respond before

dismissal. The court went on to observe, "[C]ourts derive

substantial benefit from briefs and oral argument.

Generally, they should require counsel's aid in clarifying

and resolving issues." Id. Because, however, both parties

to the appeal nonetheless urged the court of appeals to go

ahead and decide the merits, the court did so. Id.

In the third case, Flores v. Heckler, 755 F.2d 401

(5th Cir. 1985), the district court, similarly, entered

judgment for the Secretary sua sponte without affording the

claimant an opportunity to present argument. In response to

the claimant's argument that the district court was required

to, and had failed to, follow the mechanism of Fed. R. Civ.

P. 56 in dismissing disability review actions, the Fifth

Circuit stated that use of summary judgment, although

permissible, was not required. The court of appeals

indicated that it was unconcerned whether a district court

chose to proceed under Rule 56 or Rule 12. What was

important, the court of appeals ruled, was that "district

-5-

courts reviewing disability determinations should not

conclude their review without an appropriate opportunity for

the presentation of the parties' contentions." Id. at 403.

The court of appeals went on to find that the error was

harmless in the case before it, and proceeded to the merits,

because the claimant had presented his arguments in full in

his motion for new trial, and in denying that motion the

district court had "stated that it had reviewed `the motion,

the record, and the law.'" Id. 

Like the Fifth Circuit in Flores, we need not

concern ourselves with whether the district court's order is

more appropriately labelled and analyzed as under Rule 12 or

Rule 56 of the Federal Rules of Civil Procedure. We simply

hold, as did Flores, that "district courts reviewing

disability determinations should not conclude their review

without an appropriate opportunity for the presentation of

the parties' contentions." Id. at 403. In his memorandum in

support of his Rule 59(e) motion, Banks set forth specific

objections to the Secretary's determination that, whatever

their ultimate merit, certainly appear substantial enough to

justify an opportunity for full briefing.

We cannot find, unlike the court in Flores, that

the district court's error was harmless. For one thing, it

is by no means clear that Banks' memorandum in support of his

Rule 59(e) motion, which devoted only three-and-one-half

-6-

pages to a summary of the claimant's substantive arguments,

constituted a full presentation of those arguments to the

district court. The claimant in Flores, by contrast, had

submitted "a 22-page memorandum arguing that the Secretary's

decision was not supported by substantial evidence," id. at

402, which the court of appeals deemed "fully presented his

substantive arguments," id. at 403. Also, we are not

satisfied that the district court, in denying the Rule 59(e)

motion, signalled that it had given adequate consideration to

Banks' arguments. Whereas the district court in Flores

specifically stated that it had reviewed "the motion, the

record, and the law," id., the district court here simply

endorsed the motion with "Motion denied."

Accordingly, we vacate the judgment of the district

court and remand this case for further proceedings. On

remand, the district court is to establish a briefing, or

oral argument, schedule that affords the parties an

opportunity to present their arguments before the court

issues its ruling.

-7-