**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 3, 2000**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 99-30214
Summary Calendar

———————

GAIL DEMATTEO,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 98-CV-1811-L

———————————————————————

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gail DeMatteo appeals from the district court's judgment affirming the Commissioner's denial

of her application for supplemental security income (SSI) benefits. DeMatteo argues that the district

court erred in sua sponte affirming the Commissioner's decision without notice and without affording

her an opportunity to brief her issues; that the Administrative Law Judge (ALJ) erred in issuing a

decision without waiting for the post-hearing submission of additional medical evidence; that the ALJ

—————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

made certain erroneous factual findings; and that the ALJ erred in failing to consider whether DeMatteo could not only obtain, but also maintain, employment.

Although the district court erred in deciding the case without obtaining arguments on the merits from the parties, such error is harmless. See Flores v. Heckler, 755 F.2d 401, 402 (5th Cir. 1985). Judicial review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to the pleadings and administrative record, and DeMatteo has fully briefed her issues before this court -- the same issues she raised in the district court and before the Appeals Council. Accordingly, there is no reversible error.

Even if the ALJ erred in failing to wait for the submission of the records from DeMatteo's treating physician, she has not shown that the medical evidence would have altered the ALJ's decision because she did not submit the evidence to the Appeals Council, to the district court, or to this court. See 42 U.S.C. § 405(g).

The record does not support the ALJ's factual findings that DeMatteo's husband, who is blind, is a diabetic or that DeMatteo used an inhaler for her asthma six times in the past six years. However, these factual errors did not affect the ALJ's decision. Her husband's disability is irrelevant to the determination whether DeMatteo is disabled. DeMatteo testified that she has asthma attacks every one to three weeks which she is able to control with medication and that approximately six times during the past year she received Cortisone-type shots to relieve her asthma. However, DeMatteo points to no evidence in the medical record that she had six medical visits in the past year for uncontrolled asthma or that any physician had advised DeMatteo to limit her activities because of her asthma or any other condition. Moreover, the district court considered DeMatteo's need to work in a clean-air environment in determining whether she could perform her past or any work.

To the extent that <u>Singletary v. Bowen</u>, 798 F.2d 818, 822 (5th Cir. 1986), is applicable to DeMatteo's case, she has not shown that the ALJ's failure to consider whether she could maintain employment is reversible error. DeMatteo does not argue, and the medical evidence does not indicate, that her impairments prevented her from maintaining regular employment. <u>See</u> <u>Singletary</u>, 798 F.2d at 822 ("A determination that a claimant is unable to continue working for significant periods of time must, however, be supported by more than a claimant's personal history; it must also be supported by medical evidence.").

The ALJ's determination that DeMatteo was not disabled is based on correct legal standards and is supported by substantial evidence. The district court's judgment upholding the Commissioner's decision denying benefits is AFFIRMED.