**Edith G. MYERS, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Sec. of Health, Education & Welfare, Appellee.**

**No. 78–1628.**

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1979.

Decided Jan. 3, 1980.

---

Allan N. Karlin, North Central West Virginia Legal Aid Soc., Morgantown, W. Va., and Anna Norton, Third Year Law Student, North Central West Virginia Legal Aid Soc., for appellant.

Thomas A. Dougherty, Jr., Asst. U. S. Atty., Philadelphia, Pa. (Stephen G. Jory, U. S. Atty., Elkins, W. Va., and William D. Wilmoth, Asst. U. S. Atty., Wheeling, W. Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, BUTZNER, Circuit Judge, and EDWARD DUMBAULD, Senior District Judge for the Western District of Pennsylvania, sitting by designation.

BUTZNER, Circuit Judge:

Edith G. Myers, a claimant for Social Security disability benefits, appeals the district court's summary dismissal of her action to review the Secretary's final decision denying her claim. Myers alleges she is disabled by the pain she suffers from arthritis and back problems. She argues that the administrative law judge, whose opinion was adopted by the Appeals Council as the Secretary's final decision, erred in evaluating the evidence of pain and that the Appeals Council failed to make findings on a psychiatric report she submitted after the administrative law judge's decision.

■ Although neither party had filed a motion for summary judgment, the district court decided this case on the complaint and answer, relying on § 205(g) [42 U.S.C. § 405(g)] of the Social Security Act, which allows entry of judgment "upon the pleadings and transcript of the record." The truncated procedure it followed did not conform to Rule 56 of the Federal Rules of Civil Procedure. After the district court entered judgment, the United States Supreme Court held in *Califano v. Yamasaki*, 442 U.S. 682, 699, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979), that § 205(g) does not exempt actions brought for review of Social Security claims from the operation of the Federal Rules of Civil Procedure. Rather, § 205(g) "prescribes that judicial review shall be by the usual type of 'civil action' brought routinely in district court . . ." 442 U.S. at 699, 99 S.Ct. at 2557. Thus, the district court's summary action was inappropriate. *Kistner v. Califano*, 579 F.2d 1004 (6th Cir. 1978). Also, courts derive substantial benefit from briefs and oral argument. Generally they should require counsel's aid in clarifying and resolving issues.

■ The claimant initially assigned error to the procedure followed by the district court, but both parties urge us to address the substantive issues. The district court filed a written opinion, and the appeal has been fully briefed and argued. Resolution by this court will conserve judicial resources. We therefore decide the case on its merits.

■ Although we review the Secretary's factual findings only to establish that they are supported by substantial evidence, we also most assure that his ultimate conclusions are legally correct. *Nelms v. Gardner*, 386 F.2d 971 (6th Cir. 1967). On the two points raised by Myers on appeal, we find that the administrative law judge and the Appeals Council erred in the application of legal standards.

Myers' employment record consisted exclusively of physically active labor that required lifting, bending, and carrying: operating a power hammer, welding, working on an assembly line, and serving as a waitress and hospital maid. She testified that she had suffered shoulder and back injuries while working on an assembly line in 1973. After medical treatment her pain persisted, despite a change to lighter work as a maid in a hospital. She related that in December 1974 she was forced to quit work entirely. Her sister and mother also testified that she restricted her activities after the injuries because of pain.

Two medical doctors and a chiropractor submitted reports to the administrative law judge. Her general practitioner, who had treated her for five years, diagnosed scoliosis, "acute and chronic myositis, and functional myalgia of shoulders and back." He noted that any physical activity, like stooping or bending, caused "severe and disabling pain." The chiropractor diagnosed a disabling "discogenic condition." The third report came from an orthopedic surgeon, who had examined Myers once. He diagnosed a "mild dorsal kyphosis and also scoliosis of the dorsal spine area," noting that she "might have backaches, but the orthopedic examination is essentially normal." This doctor noted her persistent complaints of pain.

Although he acknowledged its existence, the administrative law judge refused to give any weight to the evidence of pain, explaining that "[p]ain may be an important factor in causing functional loss, but it must be associated with relevant abnormal findings." He held that under the regulations an impairment "must be demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Because the doctors' objective findings did not establish a serious physical impairment, the administrative law judge concluded that Myers had not proven she was disabled.

 Essentially, this analysis denies the possibility that pain may have a disabling effect. This is an incorrect legal standard, for the evidence indicates that pain prevents Myers from returning to her strenuous employment that involved lifting, stooping, and bending. The administrative law judge should have evaluated the pain's impact, even though its intensity was shown only by subjective evidence. *Thorne v. Weinberger*, 530 F.2d 580, 583 (4th Cir. 1976). Myers' pain had a specific physical cause. None of her doctors indicated that she had obtained any relief. None reported that she could do her former work. Upon remand, the Secretary should consider the extent to which pain affects her ability to function.

While this case was pending before the Appeals Council, Myers submitted additional evidence—a chiropractic report dated September 28, 1976, and a psychiatric report dated January 5, 1977, from the West Virginia University Medical Center. The Appeals Council noted receipt of these two items, but did not comment upon them in its opinion.

 The chiropractor's report paralleled his prior reports and needed no further scrutiny. The Medical Center's report, summarizing the results of a psychiatric interview of Myers, contained new information relevant and material to the evaluation of her condition. *See* 20 C.F.R. § 404.949(a) (1979). The Appeals Council's failure to

make specific findings concerning it was reversible error. *Arnold v. Secretary*, 567 F.2d 258 (4th Cir. 1977). Unless the Secretary explicitly indicates the weight given to all the relevant evidence, we cannot determine on review whether the findings are supported by substantial evidence. *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979).

On remand, the Secretary also should consider the medical report dated August 23, 1977, which was submitted to the district court after it had entered its judgment, together with any other new and relevant evidence of Myers' condition.

*REVERSED AND REMANDED.*