**Ralph L. SIMMONS**

v.

**Margaret HECKLER, Secretary, Department of Health and Human Services.**

**Civ. No. K-84-713.**

United States District Court, D. Maryland.

Jan. 15, 1985.

Michael A. Genz, Legal Aid Bureau, Inc., Hughesville, Md., for plaintiff.

J. Frederick Motz, U.S. Atty., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Chief Judge.

Plaintiff's claims for social security benefits with respect to alleged disability dating back to 1982 have been denied by the Administrative Law Judge (ALJ) and the Appeals Council. While the ALJ concluded that plaintiff was unable to perform his past relevant work as a construction laborer, the ALJ determined that plaintiff was able to perform light work. That conclu-

sion would appear in error in view of the fact that the record in this case and the applicable regulations of the Secretary seem clearly to establish that, at best, plaintiff is capable only of performing sedentary, as opposed to light, work. However, although the record in this case may support a determination that plaintiff is able to perform sedentary work, the ALJ's decision did not, with regard to plaintiff's alleged, nonexertional impairments, appropriately apply the standards set forth by the Fourth Circuit in *Grant v. Schweiker*, 699 F.2d 189 (4th Cir.1983) and *Smith v. Schweiker*, 719 F.2d 723 (4th Cir.1984). Absent correct application of those standards, the ALJ's decision cannot stand as one supporting the conclusion that plaintiff can perform sedentary work.

■ In the within case, the record establishes that plaintiff is suffering not only from problems relating principally to his back, but also from certain psychological problems. Whether those psychological problems constitute nonexertional limitations only, rather than rising to the level of nonexertional impairments, *see Smith v. Schweiker, supra* at 725, presents a question which cannot be determined on the basis of the present state of the record. In a case such as this one, the testimony of a vocational expert would not have been required to determine the existence or nonexistence of only exertional impairments. However, while the psychological problems which plaintiff has encountered may, on *further examination*, be deemed limitations rather than impairments, the existence of those problems dictate that, on remand, the ALJ should not only specifically consider whether nonexertional impairments as opposed to nonexertional limitations exist, but also, so that this case will not move back and forth between the Secretary and this Court, the ALJ should receive and consider the testimony of a vocational expert concerning whether plaintiff can perform sedentary work of one or more specific, designated types available in the national economy in substantial quantity.

■ Because in this case it would appear that reopening the record for more evidence will serve a useful purpose, a remand is in order rather than a reversal. *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir.1974). This is not a case in which the record indicates that plaintiff, without doubt, is unable to perform any work available in the national economy in substantial quantity. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir.1975); *Lochte v. Schweiker*, Civil Action No. R–82–491, November 30, 1984; [1] *Ray v. Secretary of Health, Education and Welfare*, 465 F.Supp. 832 (E.D.Mich.1978). In those latter three cases, the records respectively seem to indicate the lack of such doubt and, therefore, under the standards of *Breeden*, called for reversal rather than remand.

In this case, the Appeals Council did not make specific findings with regard to certain new information proffered to it on behalf of plaintiff. That new information might well have shed light on the issues in this case with regard to nonexertional impairments. In *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir.1980), Judge Butzner wrote that "[t]he Appeals Council's failure to make specific findings concerning [new informaion relevant and material to the evaluation of plaintiff's condition] was reversible error.... [u]nless the Secretary explicitly indicates the weight given to all the relevant evidence." *See also Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979). In view of the fact that this Court is remanding the within case for the reasons hereinabove set forth in this opinion, it is not necessary for this Court, in this instance, to determine whether or not, on balance, the need for the Appeals Council to meet the standards of *Myers* and *Stawls* would in and of itself require a remand.

During a hearing held on the record in open court on January 9, 1985, counsel for the Secretary stated that the Secretary did not oppose a remand for the reasons and purposes set forth herein. On the other hand, counsel for plaintiff argued vigorous-

1. A copy of that unpublished opinion has been placed in the court file in this case.

ly in favor of reversal rather than remand. For the reasons set forth *supra,* remand rather than reversal is deemed appropriate by this Court. Accordingly, an Order to that effect will today be filed.