862 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Martin O. MOATES, Sr., pzr-sn-xjjm Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-2201.
 United States Court of Appeals, Fourth Circuit.
 Argued July 25, 1988.
Decided Nov. 1, 1988.
 
 Samuel M. Price, Jr. (George H. Thomason, Thomason & French on brief) for appellant.
 Nadine Gjurich (Vinton D. Lide, United States Attorney, Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation, A. George Lowe, Chief, Disability Litigation Branch, Donald A. Romano, Office of the General Counsel, Social Security Division, Department of Health and Human Services on brief) for appellee.
 Before DONALD RUSSELL, WIDENER, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Martin O. Moates, a claimant seeking disability benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act, appeals an order of the United States magistrate affirming the Secretary's determination that he retains a functional capacity for sedentary work. Because we conclude that the Secretary based his decision upon an incorrect evaluation of claimant's nonexertional pain, we reverse and remand for an award of benefits.
 
 I.
 
 2
 Moates is 49 years old, has a fourth grade education, and can read "a little bit." He possesses past relevant work experience as a security guard, painter, inspector, maintenance man, carpenter's helper, doffer, and upholsterer. He first applied for and was granted social security benefits in 1977 when he alleged disability since 1976 due to an injured left leg, back problems, and arthritis. Those benefits were subsequently terminated, however, in 1982 when the Secretary determined that Moates' disability had ceased in March of that year. Claimant did not seek judicial review of the termination.
 
 
 3
 Moates filed his current application for supplemental security income ("SSI") on November 30, 1982. The application was denied initially and upon reconsideration. On October 6, 1983, claimant requested a hearing before an administrative law judge ("ALJ"). On that same date, he also applied for disability insurance benefits alleging that he had been unable to work since February 2, 1976. An administrative hearing was held on March 19, 1984, at which time the ALJ considered both Moates' application for SSI benefits as well as his application for disability benefits which had also been denied by the Secretary.
 
 
 4
 At the March 19 hearing, Moates established through personal testimony and medical evidence that he suffers from a seriously deformed left hip--the result of a childhood injury. Moates also demonstrated that he has developed arthritis, experiences tension headaches, and functions with below average intelligence in the borderline range of mental retardation. Notwithstanding these impairments, however, the ALJ concluded that Moates could perform at least a limited range of sedentary work and thus, was not under a disability as defined in the statute. The ALJ's decision was approved by the Appeals Council on October 2, 1984, thereby becoming the final decision of the Secretary. Moates then filed the instant action for judicial review.
 
 
 5
 Pursuant to the consent of the parties, the case was referred to the United States magistrate for disposition. The magistrate concluded, however, that further administrative proceedings were required, reasoning that the unusual nature of claimant's hip impairment and his low intelligence level required that the Secretary obtain testimony from an orthopedist and a vocational expert before denying benefits. Accordingly, the matter was remanded for a supplemental hearing which was held on July 23, 1986.
 
 
 6
 In summarizing the voluminous medical evidence presented at the second hearing, the ALJ conceded that Moates has physical impairments, including back pain and mental depression that prevent him from returning to his past relevant work. The ALJ also recognized that claimant must alternately sit and stand, cannot climb or operate foot pedals, and cannot comprehend complex or detailed job instructions. The ALJ concluded, however, that Moates had not documented a physical condition that would cause "significant pain and discomfort." Relying upon the response to a hypothetical question posed to the vocational expert, the ALJ determined that Moates could perform certain sedentary jobs that existed in the national economy, including bench assembler and quality control inspector.
 
 
 7
 Based upon the ALJ's determination, the Secretary again denied Moates' applications for benefits. The magistrate concluded that the Secretary's decision was supported by substantial evidence and affirmed the denial. This appeal followed.
 
 II.
 
 8
 On appeal, Moates principally contends that the Secretary misapplied the standard for assessing pain as a nonexertional impairment.[1] Appellant specifically argues that the ALJ erroneously required objective proof of the level of his pain and, therefore, failed to posit a proper hypothetical question to the vocational expert. We find appellant's contention persuasive.
 
 
 9
 Pain may, in itself, be a disabling condition. The ALJ must, therefore, evaluate the effect of pain on a claimant's ability to function before denying benefits. Myers v. Califano, 611 F.2d 980 (4th Cir.1980). The standard for such evaluation was provided by Congress in a provision of the Disability Reform Act of 1984, 42 U.S.C. Sec. 423(d)(5)(A), which reads in pertinent part that:
 
 
 10
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged.... Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
 
 
 11
 The requirement that a claimant provide "objective medical evidence" does not, however, require objective evidence of pain itself or the degree of intensity. The evidentiary burden under the Reform Act is satisfied by demonstrating a medical condition that could reasonably produce pain. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986). It is, therefore, error for the ALJ to require a "direct tie between objective medical findings and a specific level of pain." Id.
 
 
 12
 In the instant case, there is undisputed medical evidence of a condition that could reasonably cause appellant's allegations of pain. Indeed, the ALJ specifically acknowledged that Moates has back pain. Nevertheless, based upon his conclusion that there were no "documented" conditions that would cause "significant pain," the ALJ refused to include pain in his hypothetical to the vocational expert.
 
 
 13
 It is clearly apparent that the ALJ's treatment of appellant's pain was contrary to our decision in Foster as well as the intent of Congress as expressed in the Reform Act. Having concluded that a claimant suffered from pain, the ALJ could not refuse to include that nonexertional impairment in the assessment of residual capacity simply because claimant could not objectively establish a "significant" level of intensity.
 
 
 14
 The ALJ's error in this case is fatal to the Secretary's position. Despite being ordered on remand to support his adverse decision by vocational expert testimony, the Secretary failed to demonstrate that Moates could perform any job in the national economy in light of all of his established impairments. Indeed, the only testimony by the vocational expert that included any consideration of pain in addition to claimant's other impairments was elicited by appellant's counsel and resulted in an opinion that Moates could do no work.
 
 
 15
 We see no justification for prolonging this process further. The Secretary has had a full opportunity to demonstrate that Moates retains a functional capacity for gainful activity and has failed to do so. We, therefore, reverse the decision of the magistrate and remand with directions that Moates' application for disability benefits be granted.
 
 
 16
 REVERSED AND REMANDED.
 
 DONALD RUSSELL, Circuit Judge, dissenting:
 
 17
 I dissent. I would remand for further action by the Secretary.
 
 
 
 [1]
 Moates also contends that the Secretary failed to make proper credibility findings and incorrectly refused to apply the termination of benefits standard to his case. Our disposition of the issue of pain assessment renders unnecessary any consideration of these contentions, however