873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hazel M. BOWIE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 88-2862.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 11, 1989.
Decided: April 11, 1989.
 
 Tobie Ellen Bernstein (Legal Aid Bureau, Inc., on brief), for appellant.
 Sharon Whitney (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division; Lawrence J. Harder, Assistant Regional Counsel, Department of Health and Human Services; Breckinridge L. Willcox, United States Attorney; Larry D. Adams, Assistant United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, K.K. HALL and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Hazel M. Bowie ("claimant") appeals from a decision of the district court affirming the Secretary's denial of her claim for social security disability insurance benefits, brought pursuant to 42 U.S.C. Sec. 405(g). We vacate the judgment of the district court and remand the case with instructions to return it to the Secretary for further proceedings.
 
 I.
 
 2
 The claimant filed her application for benefits on December 5, 1985. The application was denied initially and upon reconsideration. The claimant requested a hearing before an administrative law judge ("ALJ") who found that claimant retained the residual functional capacity to perform her past work as a waitress and thus, was not under a disability as defined in the statute. The Appeals Council denied review and the decision became final. The claimant then filed the instant action for judicial review.
 
 
 3
 The claimant is 64 years old, has a high school equivalency diploma, and last worked as a general kitchen worker and waitress. The evidence shows that claimant has suffered from hypertension since 1968, and from arthritis and gout since 1974. She also suffers from obesity.
 
 
 4
 Beginning in 1974, Dr. Arthur Wooddy prescribed medication for the arthritis and gout and his reports indicate that claimant experienced pain and swelling in her knees and ankles from 1979. In 1985, claimant began seeing Dr. G. Shanker Rath for pain in her neck, arm, and spine. Dr. Rath also prescribed medication for the arthritis and gout. He described the arthritis as severe and his notes indicate that claimant has suffered ongoing pain in her shoulder, back, and knee. On November 4, 1986, Dr. Rath wrote that the claimant's severe polyarthritis would prevent her from working as a waitress where she was required to stand for a long time and carry more than five pounds for any length of time.
 
 
 5
 The Secretary referred the claimant to Drs. Rida Azer and Theodore Konen. Dr. Azer found "no evidence of acute gouty arthritis," but found tenderness in the spine. Dr. Konen diagnosed hypertension, polyathralgias (pain in a joint) involving the knees, elbows, wrists, fingers, and spine. He also noted a history of gout.
 
 
 6
 In addition to the medical evidence, the claimant testified at length about the pain in her back, knees, hands, shoulders, feet and ankles. She testified that she suffers from arthritis "all over" and that "there's always pain," although it is "worse at times than at others." The claimant also testified that back pain prevented her from lifting more than ten pounds and bending over; that swelling and pain in her hands made writing difficult; and that pain and swelling in her knees made it difficult to walk and sometimes prevented her from driving a car. Testifying further about her pain, the claimant stated that she experiences sudden pain in her shoulders which radiates to her hands and causes her to drop things and that the pain in her feet and ankles is like that of a toothache, "really really terrific and a severe pain." She uses a hydroculator for relief of her back pain.
 
 
 7
 On the basis of this evidence, the ALJ found that the claimant suffers from hypertension, gout and polyarthritis, but that she did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Reg. No. 4. The ALJ further found that the claimant could perform medium work and therefore her impairments did not prohibit her from returning to her former employment as a waitress. The ALJ reached this conclusion by finding that the claimant's subjective complaints of pain were not supported by the objective evidence to the extent alleged.
 
 
 8
 Based upon the ALJ's determinations, the Secretary denied the claimant's application for benefits. The district court concluded that the Secretary's decision was supported by substantial evidence and granted the Secretary's motion for summary judgment.
 
 II.
 
 9
 On appeal, the claimant contends that the ALJ improperly dismissed the evidence of pain. We agree. The ALJ concluded that the claimant's subjective complaints and allegations of disability were out of proportion to the objective medical evidence and therefore considered her testimony concerning the pain and disability less than credible. This Court has held that pain itself can be disabling, and it is incumbent on the ALJ to evaluate the effect of pain on a claimant's ability to function. See Myers v. Califano, 611 F.2d 980 (4th Cir.1980). In Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir.1986), we held that the Disability Reform Act of 1984 only requires medical evidence of a condition that could reasonably produce pain, not objective evidence of the pain itself or its intensity.
 
 
 10
 The record in this case clearly shows that the claimant suffers from impairments that can cause pain. Not only did the ALJ find that she suffers from gout and polyarthritis, inherently painful conditions, but the claimant's physicians noted her pain from those conditions. In 1986, Dr. Rath even declared her unable to work as a waitress, her past relevant work, because of severe polyarthritis.
 
 
 11
 We conclude from this evidence that the claimant met the required pain standard. Therefore, the ALJ should have evaluated the effect of that pain on the claimant's residual functional capacity. The record clearly does not contain substantial evidence to support the Secretary's decision that the claimant can perform medium work. In fact, there is evidence to the contrary.
 
 
 12
 We therefore vacate the judgment of the district court and remand it to the district court with instructions to remand it to the Secretary for further proceedings that include the testimony of a vocational expert to determine whether claimant, in light of her pain, can perform specific jobs that exist in the national economy.
 
 
 13
 VACATED AND REMANDED.