35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy MCMILLAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Healthand Human Services,
Defendant-Appellee.
 No. 93-2276.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1994.
Decided Sept. 14, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Graham C. Mullen, District Judge. (CA-92-108-5-MU)
 Charlotte Gail Blake, Legal Services of the Blue Ridge, Boone, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Clifford C. Marshall, Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dorothy McMillan appeals the district court's decision upholding the denial of social security disability income benefits (DIB) and supplemental security income (SSI). Because the determination by the Secretary of Health and Human Services (Secretary) is supported by substantial evidence, we affirm.
 
 
 2
 McMillan was born on June 3, 1939. She is a high school graduate. Her relevant work experience includes employment as a home attendant, nurse's aide, head housekeeper, and food service supervisor. Most of her jobs required a light or medium amount of exertion. Her insured status expired on December 31, 1988.
 
 
 3
 McMillan applied for DIB and SSI on February 25, 1988, alleging that she became unable to work because of diabetes and hypertension on March 15, 1986. She also claimed to be afflicted with poor vision, arthritis in the extremities, back pain, and "nerves."
 
 
 4
 Medical records reflect that McMillan's hypertension was controlled without medication. There is nothing to suggest that she suffers any related symptoms. McMillan has congenital amblyopia of the left eye. Her vision in that eye is 20/200; her vision in the right eye is 20/20. A physician stated that McMillan could not perform any occupation requiring binocular vision.
 
 
 5
 McMillan has suffered from diabetes since the early 1980s. She tried unsuccessfully to control the condition through diet. In September 1986, McMillan began insulin therapy, and her blood sugar readings since then have been, with few exceptions, below 151. There is no related end organ damage. Though McMillan testified that she suffers from polyuria related to her diabetes, no medical evidence sup ports her assertion; indeed, there is no evidence whatsoever that McMillan ever complained of this condition to her physicians.
 
 
 6
 The ALJ determined that, based on the medical record, the hearing testimony, and McMillan's demeanor, that her claimed degree of urinary frequency was not credible. The ALJ noted that McMillan was able to work, despite her alleged polyuria, for several years after the onset of diabetes. The ALJ's credibility determination, properly supported in this case, will not be disturbed. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985).
 
 
 7
 Although McMillan maintained that she had arthritis in her extremities, no medical tests disclosed the existence of arthritis. Similarly, x-rays of McMillan's spine were essentially normal. Absent objective medical evidence of a condition that reasonably could be expected to cause pain, the ALJ was entitled to discount McMillan's complaints of debilitating pain. SSR 90-1p; see Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir.1990). Although the law did not require further exploration of McMillan's allegations of pain, the ALJ nonetheless noted that she took no prescription painkillers, had undergone no other form of therapy, and had not complained of arthritic symptoms to her treating physicians.
 
 
 8
 The ALJ concluded that McMillan retained the residual functional capacity to perform light work which did not require binocular vision. This finding comports with the medical evidence and the assessment by a consultative physician of McMillan's ability to perform workrelated activities. A vocational expert testified that jobs existed in the regional economy that could be performed by an individual fitting McMillan's profile. The expert testified that McMillan could work as a food assembler, personal attendant, or garment inspector, for example.
 
 
 9
 Our review is limited to a determination of whether the Secretary's decision is supported by substantial evidence and whether the correct law was applied. 42 U.S.C. Sec. 405(g) (1988); Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir.1980). Substantial evidence is:
 
 
 10
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than
 
 
 11
 a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)).
 
 
 12
 We conclude that substantial evidence supports the Secretary's decision. The ALJ properly discredited McMillan's complaints of pain and polyuria. Her hypertension and her diabetes are well controlled. Her amblyopia precludes her from performing only those jobs that require binocular vision. In light of the medical evidence and the testimony of the vocational expert, we conclude that McMillan is not entitled to benefits.
 
 
 13
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED