73 F.3d 358
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Patsy M. PRIDEMORE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-1044.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 8, 1995.
Decided Dec. 7, 1995.
 
 Patsy M. Pridemore, Appellant Pro Se. Robert Drum, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Philadelphia, Pennsylvania, for Appellee.
 Before WILKINSON and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Patsy M. Pridemore appeals from the magistrate judge's order affirming the denial of Pridemore's claim for social security disability benefits.[1] Pridemore filed a claim for disability insurance benefits on June 13, 1991, alleging that she had been unable to work since May 30, 1986, as a result of arthritis in her back, neck, legs, and arms, as well as high cholesterol, thyroid problems, a hiatal hernia, and gall bladder problems.
 
 
 2
 Pridemore was born on November 11, 1944, and has a high school education. She had been employed for fifteen years as a sewing machine operator until June 1984 when the company she was working for closed its factory. As a sewing machine operator, Pridemore had to use her hands and feet frequently, and had to bend and lift as much as twenty pounds. Pridemore's disability insurance status expired on December 31, 1989.
 
 
 3
 Her claim was denied initially and on reconsideration. At a hearing before an administrative law judge (ALJ), Pridemore testified that she is "in pain all the time" and that she has to "take a lot of pain pills." Pridemore stated that she is most comfortable standing but that she can do so no longer than one hour because of numbness in her leg and that she can sit no longer than thirty minutes. She also stated that she cannot bend, stoop, or kneel, and that she can walk approximately one quarter mile. Her activities consist of light housekeeping (cooking and washing dishes) and going to church.
 
 
 4
 Pridemore's medical records establish that she has complained of pain in her back, hip, arms, and legs for several years. A November 1988 medical report stated that spinal X-rays showed a slight loss of normal lordotic curvature of her cervical spine and "minimal discogenic changes" in two vertebrae of her lumbar spine but reported "no other significant abnormality." A physician's report from February 1989 showed that Pridemore had diffuse tenderness over the muscles of her neck, shoulder, hands, knees, and calves but that she demonstrated free range of motion of all joints and showed no evidence of active inflammation or deformity. Subsequent notes from the same physician show that Pridemore tested negative for rheumatoid arthritis and that she had experienced some improvement in the range of motion in her neck with physical therapy. An MRI of Pridemore's cervical spine in August 1991 reported "minimal and early degenerative cervical spondylarthrosis at the Level of C-4 and C-5 vertebra" but showed "no suggestion of disc herniation."
 
 
 5
 Pridemore's medical records also established that she has a history of hypothyroidism and hypercholesterolemia, both of which controlled with medication. Pridemore was hospitalized briefly in May 1989 due to complaints of severe abdominal pain. She was diagnosed with acute gastritis. She also has a history of anemia associated with heavy menstrual periods.
 
 
 6
 The ALJ concluded that, although Pridemore could not have returned to her prior work as a sewing machine operator, she had the residual functional capacity to perform a full range of sedentary work. Hence, Pridemore was not disabled within the meaning of the social security laws. The district court upheld the Secretary's decision. Pridemore appeals.
 
 
 7
 The Secretary's decision that a claimant is not disabled will be upheld if it is supported by substantial evidence and if the correct law was applied. 42 U.S.C. Sec. 405(g) (1988); Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir.1980). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is:
 
 
 8
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 9
 Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)). The ALJ must make credibility determinations when there is a question regarding the existence or severity of a nonexertional impairment, and these determinations must "refer specifically to the evidence informing the ALJ's conclusion." Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985). Reviewing courts are to give great weight to properly supported credibility determinations. Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir.1984). A five-step sequential test is used for determining whether a person is disabled and, hence, entitled to social security benefits. See 20 C.F.R. Sec. 404.1520 (1994).[2] The Secretary first must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. Sec. 404.1520(b). If so, there is no disability. 20 C.F.R. Sec. 404.1520(a). If not, the analysis proceeds to the next question of whether the claimant is severely impaired for the durational period required by the regulations. 20 C.F.R. Secs. 404.1509, 404.1520(c). A "severe impairment" is one or a combination of impairments that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. Secs. 404.1520. If the claimant is severely impaired, the analysis proceeds to steps three, four, and five, which ask, in turn, whether the claimant's severe impairments meet or equal those impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1; if not, whether the claimant has the residual functional capacity to perform past relevant work; and, if not, whether the claimant is capable of other work, taking into account the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. Secs. 404.1520(d)-1520(f). At the fifth step, "the burden shifts to the Secretary to produce evidence that other jobs exist in the national economy that the claimant can perform given his age, education, and work experience." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1993).
 
 
 10
 We find that substantial evidence supports the findings of the ALJ, who determined that, based on the medical-vocational guidelines (the "grids") at 20 C.F.R. Pt. 404, Subpt. P, Reg. No. 4, App. 2, Table No. 1, Rules 201.21 and 201.28, Pridemore could perform a range of sedentary work. The ALJ appropriately considered Pridemore's age, education, past work experience, and relevant impairments. The ALJ specifically noted Pridemore's stated activities and the objective medical findings regarding her back and neck condition (which do not reflect a serious problem) and concluded that her complaints were "not credible to the incapacitating extent alleged." Accordingly, we affirm the district court's order awarding summary judgment to the Secretary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. Sec. 636(c)(2) (1988)
 
 
 [2]
 All references to the C.F.R. are to the 1994 edition of the regulations