# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DONALD R. MCABEE,
　　　　　　*Plaintiff-Appellant,*

　　　　　　v.

WILLIAM A. HALTER, Acting
Commissioner of Social Security,
　　　　　　*Defendant-Appellee,*

　　　　　　and

DONNA E. SHALALA, SECRETARY,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
　　　　　　*Defendant.*

No. 00-2198

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Henry M. Herlong, District Judge.
(CA-99-1508-4-20BF)

Argued: September 26, 2001

Decided: October 19, 2001

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** David F. Stoddard, WALDREP & STODDARD, Anderson, South Carolina, for Appellant. William Thomas Dawson, Assis-

tant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for Appellee. **ON BRIEF:** Frank W. Hunger, Assistant Attorney General, J. Rene Josey, United States Attorney, John Berkley Grimball, Assistant United States Attorney, Deana R. Ertl-Lombardi, Regional Chief Counsel, Region VIII, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Donald McAbee appeals from the district court judgment denying a remand to the Secretary of Health and Human Services for consideration of newly discovered evidence. Because McAbee has failed to establish the materiality of the proffered new evidence, we affirm.

### I.

McAbee, a former mechanic and heavy equipment operator, applied for social security disability insurance benefits on December 27, 1995. In his claim for benefits, McAbee stated that he had been unable to work since September 27, 1994, as a result of debilitating headaches and pain in his right arm, shoulder, and neck. McAbee's initial application for disability insurance benefits and his request for reconsideration were denied.

McAbee thereafter made a timely request for a hearing before an administrative law judge (ALJ). At the hearing, McAbee testified that he suffered from "arm pain most constantly," and from headaches almost daily. He described his headaches as typically "just a dull ache" that intensified when he became active. McAbee also testified that he could take out the trash, mow the grass, and occasionally pull

weeds, but that he was incapable of fishing, driving long distances, or performing any tasks that required him to lie on his back, reach over his head, or stand for eight hours a day.

The medical records from McAbee's treating and examining physicians corroborate McAbee's account of pain in his right arm, shoulder, and neck. The medical records reflect that McAbee made at least 25 visits to treating physicians for such pain from November 1993 through the date of the ALJ hearing in August 1997. In the course of these visits, doctors determined that McAbee suffered from an 8-12% impairment of his upper right extremity, but were unable to diagnose the cause of his arm, shoulder, and neck pain. By 1995, the doctors reported that McAbee had reached maximum improvement and consistently recommended that McAbee either return to work, subject to certain restrictions, or enter vocational rehabilitation to prepare him for another line of work.

The medical records provide less support for McAbee's account of debilitating headaches. McAbee testified at the hearing that he had suffered from headaches since 1992 or 1993, but the medical records reflect that McAbee did not complain of headaches until February 1996. According to the medical records, this February 1996 visit is the only time that McAbee complained of headaches in the four years prior to the hearing before the ALJ, and, moreover, McAbee did not visit a doctor again until January 1997, almost one full year later.

A consulting medical examiner, Dr. Schwartz, evaluated McAbee in April 1997 and determined that McAbee remained capable of sitting, standing, walking, stooping, crouching, kneeling, and crawling. The consulting examiner also concluded that McAbee was limited to lifting or carrying 20-25 pounds and could not engage in repetitive pushing or pulling. Dr. Schwartz noted McAbee's complaints of upper extremity pain and weakness; he did not note any complaint of headaches by McAbee.

A vocational expert, after considering McAbee's medical records, testimony, educational level, and work experience, testified at the hearing regarding other jobs existing in the regional economy that McAbee remained capable of performing. This expert stated that pain in McAbee's right arm, shoulder, and neck would not prevent him

from performing the duties of a packer, cashier/clerk, and security person, and that thousands of these jobs existed within South Carolina. The expert also testified, however, that if McAbee had the headaches he described, they "would be debilitating in nature" and would cause problems of absenteeism, lack of concentration, and inability to complete tasks in a timely fashion. The ALJ agreed at the hearing to allow McAbee twenty days to produce additional medical evidence. McAbee subsequently submitted, and the ALJ considered, additional evidence consisting of a psychological evaluation and x-ray evaluations showing "minimal degenerative changes in [McAbee's] right wrist and right shoulder."

The ALJ issued his opinion on December 16, 1997. He found that McAbee's right arm, shoulder, and neck pain, although "severe," did not prevent McAbee from performing "light duty" or "sedentary" work. In addition, the ALJ found that McAbee's headaches were not "medically determinable 'severe' impairments." The ALJ found that McAbee's failure to "receive [ ] or even seek treatment for his headaches" weighed against a finding that McAbee's headaches were a "severe" impairment. The ALJ concluded that McAbee therefore was not qualified for disability insurance benefits.

McAbee filed a request for review with the Appeals Council. The Appeals Council denied the request on March 9, 1999, and adopted the ALJ's decision as the decision of the Commissioner.

McAbee then filed for judicial review in the district court, which referred the case to a magistrate judge. At the hearing before the magistrate judge, McAbee identified new evidence that he argued warranted remand to the Secretary for consideration. The new evidence consisted of a signed statement, dated March 27, 1999, from Dr. Larry Bowman, an orthopaedic specialist who had treated McAbee from April 1995 through January 1999, and a "rediscovered" Hepatitis C diagnosis. McAbee argued that this "newly discovered evidence" constituted the necessary medical support for his headache claims.

Dr. Bowman's statement, drafted primarily by McAbee's lawyer with blanks that had been filled in by Bowman, reported that McAbee "has had debilitating headaches" and that "[w]hile the exact mechanism that causes these headaches has not been identified," McAbee

was suffering from "chronic myofascial pain." Dr. Bowman added, in his own handwriting, that McAbee's Hepatitis C condition "limits most medications that have any effect on improving symptoms." McAbee was first diagnosed with Hepatitis C after donating blood in 1990, but McAbee did not ask the ALJ to consider this evidence as a cause of McAbee's condition, and McAbee "rediscovered" that he was suffering from the condition only after tests conducted in 1998 revealed high enzyme levels. Thus, the "rediscovered" Hepatitis C diagnosis was new evidence insofar as the condition was, after 1998, purported to cause headaches or limit available treatment for headaches.

The magistrate judge issued a report and recommendation in which he recommended remand based on the new evidence. The district court rejected the magistrate judge's recommendation and instead held that McAbee had failed to establish "good cause" for his failure to present his evidence at an earlier stage of the proceedings. The court found that McAbee possessed both the factual basis for Dr. Bowman's 1999 statement and the new documentation of McAbee's Hepatitis C condition prior to the Appeals Council's ruling on March 9, 1999, and therefore should have submitted the evidence to the Appeals Council for consideration. This appeal followed.

## II.

McAbee concedes that there was insufficient evidence at the hearing before the ALJ to support a determination of disability. The sole issue on appeal is therefore whether McAbee's "new evidence," consisting of Dr. Bowman's 1999 statement and the Hepatitis C diagnosis, warrants a remand to the Secretary for a new hearing. A reviewing court can remand only if the claimant establishes that the new evidence "is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (1994).

Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary*, 952 F.2d 93, 96 (4th Cir. 1991) (en banc) (citation omitted); *accord Borders v. Heckler*, 777 F.2d 954, 955-56 (4th Cir. 1985). McAbee's new evidence therefore must constitute objective medical

evidence of a condition that "could reasonably produce the pain or other symptoms alleged." 42 U.S.C. § 423(d)(5)(A) (1994). In addition, McAbee must establish that this evidence, when considered in conjunction with all evidence, "would lead to a conclusion that the individual is under a disability" within the meaning of the Social Security Act. *Id.* Put another way, McAbee's new evidence must not only provide an objective medical basis for the headaches, but must also be sufficient, in light of the record, to alter the ALJ's determination as to "the effect of pain on a claimant's ability to function." *Foster v. Heckler*, 780 F.2d 1125, 1128 (4th Cir. 1986) (citing *Myers v. Califano*, 611 F.2d 980 (4th Cir. 1980)).

Even assuming that the evidence as to the effect of Hepatitis C combined with Dr. Bowman's 1999 new diagnosis of "chronic myofascial pain" reasonably could be understood to identify a source of debilitating, untreatable headaches, McAbee's evidence does not support a finding of "disability" in light of the other evidence properly considered by the ALJ. Dr. Bowman's 1999 statement as to "chronic myofascial pain" failed to place his diagnosis as to McAbee's "debilitating headaches" in the relevant time period, which includes only the time period prior to the ALJ hearing, *i.e.*, 1992 or 1993 through August, 1997. Even more significantly, Dr. Bowman's conclusory statement does not suffice to outweigh the reports he and other physicians dictated contemporaneously with their treatment of McAbee during the relevant time period. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (stating that a physician's opinion should be accorded "significantly less weight" if it "is not supported by the clinical evidence or if it is inconsistent with other substantial evidence"); 20 C.F.R. § 416.927(c)(2) (2001) (providing that all evidence is weighed when a medical opinion "is inconsistent with other evidence or is inherently inconsistent").

Dr. Bowman's 1999 statement reports that McAbee suffers from "debilitating headaches" that "even prevent light exertion." These statements are inconsistent with those contained in his prior reports, in which Dr. Bowman makes only one passing reference to a "headache," states that McAbee has reached maximum improvement, and recommends that McAbee "attempt [to] return to full duty . . . with a splint" or "consider vocational rehabilitation." Dr. Bowman's 1999 statement is also contradicted by medical reports from McAbee's

other treating and examining physicians, who concluded, as Dr. Bowman had in his prior reports, that McAbee was capable of returning either to his present job or to another line of work. *See Hays v. Sullivan*, 907 F.2d 1453, 1458 (4th Cir. 1990) (crediting statements by two physicians recommending that the claimant return to work). These earlier medical reports are inconsistent with Dr. Bowman's assertion in 1999 that McAbee was then suffering from "debilitating headaches" that presented such a substantial barrier to employment that McAbee was "disabled."

McAbee's Hepatitis C conclusion also does not suggest that McAbee suffered from debilitating headaches constituting a "disability." First, there is *no* evidence that McAbee's Hepatitis C was ever considered in treatment decisions during the relevant time period. Therefore, the limiting effect of Hepatitis C on available remedies could not have contributed to the headaches or to the inability to control them.

Moreover, McAbee's own testimony at the hearing, which must be considered in conjunction with any new evidence, virtually forecloses finding that McAbee suffered debilitating headaches that constituted a "disability." Although McAbee described headaches that were sporadically painful, he also testified at the hearing that his headaches, in fact, were often "just a dull ache" and that he remained capable of participating in various activities inconsistent with a "severe" disability. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (rejecting claimant's subjective reports of pain where she was able to perform various household chores incompatible with "disability" under the Act). McAbee did not explain why, when he made numerous visits to treating and examining physicians during the relevant time period, he did not seek treatment for headaches until 1996, at least three years after their alleged onset. Nor does he explain why the records document that even in 1996 he complained only once of a "headache" and that this was his sole complaint of a headache prior to the ALJ hearing. *Id.* (affirming denial of benefits where claimant sought treatment only through "one trip to the emergency room for her tension headaches"). For these reasons, McAbee's new evidence does not begin to demonstrate that the ALJ, equipped with such evidence, would have reached a different conclusion with respect to the effect of such pain on McAbee's residual functioning capacity. *See Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986) (citation omitted). Because we

therefore hold that McAbee has failed to show that his "newly discovered evidence" is material, we need not reach the issue of whether McAbee established "good cause" for his failure to present the evidence to the Appeals Council.

## III.

For these reasons, the district court's judgment denying remand to the Secretary of Health and Human Services is

*AFFIRMED.*